Justice TODD,
dissenting.
I agree with the majority that this appeal is effectively controlled by today’s decision in AS. v. Pa. State Police, 636 Pa. 403, 143 A.3d 896, 2016 WL 4273568 (2016). In that case, I expressed my dissenting view that Megan’s Law II’s provision that “[a]n individual with two or more convictions of any *403 of the offenses set forth in” 42 Pa.C.S. § 9795.1(a) “shall be subject to lifetime registration” as a sexual offender, 42 Pa. C.S. § 9795.1(b)(1), clearly and unambiguously provides that any individual who accrues multiple convictions of offenses set forth in Section 9795.1(a) is subject to lifetime registration as a sexual offender. See A.S., 143 A.3d 896 (Todd, J., dissenting). In my view, SORNA’s analogous provision, that an individual with “[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses” is subject to lifetime registration, 42 Pa.C.S. §§ 9799.14(d)(16); see also 9799.15(a)(l)-(3), likewise clearly and unambiguously provides that any individual who accrues multiple convictions of Tier I or Tier II sexual offenses must register for life. Accordingly, I respectfully dissent.